UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 11, 2013

LETTER TO COUNSEL:

    RE:   *Candy Bowers v. Commissioner, Social Security Administration*;
            Civil No. SAG-11-1445

Dear Counsel:

On May 27, 2011, the Plaintiff, Candy Bowers, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 19). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Bowers filed her claim on September 9, 2004, alleging disability beginning on March 17, 1999. (Tr. 78-80). Her claim was denied initially on May 9, 2005, and on reconsideration on October 21, 2005. (Tr. 56-58, 61-62). A hearing was held on December 15, 2006 before an Administrative Law Judge ("ALJ"). (Tr. 18-53). Following the hearing, on February 27, 2007, the ALJ denied Ms. Bowers's claim on procedural grounds. (Tr. 9-14). The Appeals Council denied Ms. Bowers's request for review on June 29, 2007. (Tr. 4-7). On June 19, 2008, the case was remanded by consent. (Tr. 363-64, 358-59). An additional hearing was held on July 1, 2009 before an ALJ. (Tr. 420-49). Following this hearing, on October 20, 2009, the ALJ determined that Ms. Bowers was not disabled during the relevant time frame prior to her date last insured of December 31, 2000. (Tr. 345-56). The Appeals Council again denied Ms. Bowers's request for review, (Tr. 324-26), so the ALJ's October 20, 2009 decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Bowers suffered from the severe impairments of status-post coccyx fracture, lumbar segmental dysfunction, myofascial pain syndrome involving the left hip, and depression. (Tr. 350). Despite these impairments, the ALJ determined that Ms. Bowers retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that she needed to sit with alternative standing/walking four times per hour; limited to occasional

*Candy Bowers v. Commissioner, Social Security Administration*
Civil No. SAG-11-1445
January 11, 2013
Page 2

>    bending/pushing/pulling involving only level surfaces; and capable of understanding, carrying out, and remembering simple instructions.

(Tr. 352). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Bowers could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 355).

Ms. Bowers presents two arguments, with several sub-arguments, on appeal: (1) the ALJ erroneously assessed her RFC; and (2) the ALJ erroneously relied on the VE's testimony. Each argument lacks merit.

Ms. Bowers first argues that the ALJ erroneously assessed her RFC. Pl. Mot. 3-10. Specifically, Ms. Bowers argues that the ALJ failed to set forth a narrative discussion, *id.* at 5-7, and that the ALJ failed to include her moderate limitation in concentration, persistence, and pace in the RFC determination. *Id.* at 8-10. Both arguments fail.

Ms. Bowers argues that the ALJ did not set forth a narrative discussion because he failed to discuss her ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, and failed to explain how inconsistencies were resolved. *Id.* at 5-6. Ms. Bowers, however, does not cite to, and this Court is unable to find, any medical opinion suggesting that Ms. Bowers was limited in her ability to perform sustained work activities. Ms. Bowers also does not clarify which inconsistencies were resolved erroneously, or how any such error was prejudicial. Moreover, "an RFC assessment is sufficient if it includes a narrative discussion of the claimant's symptoms and medical source opinions." *Taylor v. Astrue*, Civil Action No. BPG-11-0032, 2012 WL 294532, at *6 (D. Md. Jan. 31, 2012) (internal quotations and citations omitted). Here, the ALJ discussed Ms. Bowers's hearing testimony, her symptoms, and the relevant medical evidence. (Tr. 353-54). The ALJ discussed the reports from Dr. Kim and Dr. Ashwal, and noted that he considered the opinions of state agency medical and psychological consultants. *Id.* The ALJ also used medical records to explain his findings, and explained his assignment of "very little weight" to Dr. Ashwal's opinion. *Id.* Accordingly, the ALJ set forth a sufficient narrative discussion.

Ms. Bowers's argument that the ALJ failed to include her moderate limitation in concentration, persistence, and pace is similarly deficient. The finding of a moderate impairment in concentration, persistence, and pace does not indicate that restrictions other than a limitation to simple, unskilled work would be necessary. *See, e.g.*, *Bell v. Astrue*, No. 8:07-cv-00924-JKS, slip op. at *9 (D. Md. Mar. 12, 2008) ("Even a finding of moderate impairment in a particular broad functioning area does not automatically indicate that a claimant's condition will significantly impact his or her ability to perform work-related functions.") (citations omitted). Here, the ALJ found that Ms. Bowers was only "capable of understanding, carrying out, and remembering simple instructions." (Tr. 352). The ALJ's hypothetical to the VE also limited Ms. Bowers to an "unskilled position." (Tr. 446). Moreover, the ALJ explained that although Ms. Bowers may have been depressed, "there are no treatment records from any mental health professional and there was no evidence of any significant mental function limitations." (Tr.

353). The ALJ also sufficiently explained his reasons for giving "very little weight" to Dr. Ashwal's mental functioning opinion. (Tr. 354). The ALJ's analysis is consistent with the record, and his RFC determination is supported by substantial evidence.

Ms. Bowers next argues that the ALJ erroneously relied on the testimony of the VE. Pl. Mot. 10-14. Specifically, Ms. Bowers argues that the ALJ's hypothetical to the VE failed to include any limitation on concentration, persistence, or pace, and that the ALJ's hypothetical did not properly include her walking and standing limitations. Both arguments fail. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Here, the ALJ's hypothetical limited Ms. Bowers to an "unskilled position." (Tr. 353). As explained above, this limitation was sufficient to capture Ms. Bowers's moderate limitations in concentration, persistence, and pace.

With respect Ms. Bowers's standing and walking limitations, the ALJ's hypothetical to the VE was consistent with his RFC determination. The ALJ found, in his RFC determination, that Ms. Bowers was limited to sedentary work, and that she "needed to sit with alternating standing/walking four times per hour[.]" (Tr. 352). The ALJ's hypothetical to the VE limited Ms. Bowers to sedentary work, and noted that she "has to arise from a seated position about four times an hour per her testimony." (Tr. 445-46). The minor discrepancies in how the ALJ worded his RFC finding and his hypothetical are trivial at best. The ALJ's hypothetical was clearly consistent with his RFC determination, and therefore, the ALJ did not err by relying on the VE's testimony.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 13) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 19) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge